**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1662C
(Filed: February 7, 2018)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
GINA PATRICE BIGELOW et al.,                    *
                                                *
        Plaintiffs,                             *
                                                *
v.                                              *
                                                *
THE UNITED STATES,                              *
                                                *
        Defendant.                              *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**FILED**

FEB - 7 2018

U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiffs pro se Gina Patrice Bigelow, Wsydom Ali Y'sra El, Daniel Biggers, John Thomas Grissom, Diana Hunt, Joyce Sasnett, and Jean M. and Lyman E. Stewart, allege that their children, and in the case of the Stewarts, their nieces, were unlawfully removed from their care in a scheme they call "Kids for Cash." Compl. 3, 51-58. Plaintiffs claim that the states of New Jersey, North Carolina, Arizona, and Indiana fraudulently removed the children from their homes as part of a forcible adoption arrangement, in which the states participated to receive federal funding. Id. at 101. Plaintiffs allege a number of civil rights violations, as well as Constitutional and criminal violations, and seek class certification, the return of the children, a writ of habeas corpus, and damages of $1,000,000 per child for each year the child was taken and $1,000,000 for each Plaintiff for each year each child was taken. Plaintiffs further seek damages in the following amounts "in treble": $250,000 for "violation of oath of office," $250,000 for slavery, $1,000,000 for genocide, $10,000 for conspiracy, $5,000 for extortion, $10,000 for fraud, $10,000 for

---

[1] This background is derived from Plaintiffs' 125-page complaint.

falsification of documents, $2,000 for perjury, $2,000 for subornation of perjury, $250,000 for grand theft, and $25,000 for racketeering. Id. at 109-10.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2016). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiffs name the Department of Justice, the Department of Health and Human Services, and over 200 state and local agencies and officials from the states of Arizona, Nevada, Vermont, Indiana, Kentucky, New Jersey, Georgia, Pennsylvania, California, North Carolina, and the District of Columbia, as well as the United Nations in Geneva, Switzerland. Compl. 4-41. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiffs allege claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

The gravamen of Plaintiffs' complaint is that state and local agencies and officials, using the court system, improperly removed their children from their care, as part of a criminal scheme to receive federal funding, what the Plaintiffs refer to as "Kids for Cash." However, this Court has no authority to review decisions rendered by state courts. See D.C. Ct. App. v. Feldman, 460 U.S.

2

462, 482 (1983) (stating that review of state court judgments "may be had only in [the Supreme] Court"); Landers v. United States, 39 Fed. Cl. 297, 301 (1997) ("This Court does not have the power to review state court actions."). Plaintiffs allege that as a result of this criminal enterprise, their civil and Constitutional rights have been violated. Plaintiffs invoke 28 U.S.C. §§ 1332 and 1443 as the basis for jurisdiction in this Court, however jurisdiction based upon diversity and civil rights claims is vested in the district courts, not this Court. 28 U.S.C. §§ 1332, 1443 (2016); Sharpe v. United States, 112 Fed. Cl. 468, 476 (2013) (stating that "the Court of Federal Claims is not a district court").

Plaintiffs allege violations of the Eighth, Fifth and Fourteenth Due Process Clause as well as the Equal Protection Clause of the Fourteenth, Seventh, Sixth, First, Ninth, and Fourth Amendments to the Constitution, as well as the Supremacy Clause of Article VI. However, because none of these provisions are money-mandating, they cannot form a basis for this Court's jurisdiction. Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (finding that the Eighth Amendment is not money-mandating); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the Due Process Clauses of the Fifth and Fourteenth Amendments, as well as the Equal Protection Clause of the Fourteenth Amendment, are not money-mandating and therefore are insufficient as a basis for jurisdiction); Abbas v. United States, 124 Fed. Cl. 46, 55-56 (2015) (finding that the Seventh Amendment is not money-mandating); Turpin v. United States, 119 Fed. Cl. 704, 707 (2015) (finding that Sixth Amendment is not money-mandating); Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010) (stating that the First Amendment is not money-mandating); Fry v. United States, 72 Fed. Cl. 500, 507-08 (2006) (finding that the Ninth Amendment is not money-mandating); LaChance v. United States, 15 Cl. Ct. 127, 130 (1988) (finding that the Fourth Amendment is not money-mandating); see also Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 705 (2016) (finding that the Supremacy Clause of Article VI of the Constitution is not money mandating).

Plaintiffs also allege violations of 42 U.S.C. §§ 1983, 1985, 1986, and 14141,[2] however jurisdiction over civil rights violations is vested exclusively in the district courts. Harris v. United States, No. 16-658C, 2016 WL 6236606, at *3 (Fed. Cl. Oct. 25, 2016), aff'd, 686 F. App'x 895 (Fed. Cir. 2017); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009). Similarly, this Court does not have the authority to hear Plaintiffs' claim pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., as jurisdiction is vested exclusively in the district courts. 31 U.S.C. § 3732(a) (2012); see also LeBlanc, 50 F.3d at 1031; Schweitzer v. United States, 82 Fed. Cl. 592, 595-96 (2008).[3]

Plaintiffs also allege violations of a panoply of criminal statutes in connection with their claim that state and local officials unlawfully removed their children from their custody: 18 U.S.C. §§ 4 (Misprison of felony), 201 (Bribery of public officials and witnesses), 215 (Receipt of commissions or gifts for procuring loans), 241 (Conspiracy against right), 242 (Deprivation of rights under color of law), 371 (Conspiracy to commit offense or to defraud United States), 641 (Public money, property or records), 654 (Officer or employee of United States converting

---

[2]   As of September 1, 2017, 42 U.S.C. § 14141 was re-codified as 34 U.S.C. § 12601.

[3]   In contract disputes, this Court has jurisdiction to entertain FCA claims, as counterclaims by the United States. See, e.g., Ulysses, Inc. v. United States, 110 Fed. Cl. 618, 641-47 (2013).

property of another), 666 (Theft or bribery concerning programs receiving Federal funds), 1001 (Statements or entries generally), 1091 (Genocide), 1201 (Kidnapping), 1341 (Frauds and swindles), 1346 (Definition of "scheme or artifice to defraud"), 1349 (Attempt and conspiracy), 1506 (Theft or alteration of record or process; false bail), 1512 (Tampering with a witness, victim, or an informant), 1622 (Subornation of perjury), 1623 (False declarations before grand jury or court), 1951 (Interference with commerce by threats or violence), 1956 (Laundering of monetary instruments), 2331 (Definitions), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68. However, this Court lacks jurisdiction over criminal matters. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Dumont v. United States, 85 Fed. Cl. 425, 430 (2009), aff'd, 345 F. App'x 586 (Fed. Cir. 2009).

Plaintiffs allege that Defendant's behavior constitutes "trespass on the case," violation of the "assumption of duty," defamation of character, trespass, and slander, and claim that they have suffered from duress, mental anguish, and emotional distress. As each of these sound in tort, this Court does have jurisdiction over these claims. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Lord Noble Kato Bakari El, 127 Fed. Cl. at 704 (finding that trespass sounds in tort).

Plaintiffs allege violation of the United Nations' Declaration of Human Rights, but this Court lacks jurisdiction over alleged violations of international agreements. Pikulin v. United States, 97 Fed. Cl. 71, 77-78 (2011) (finding that generally, "multinational agreements do not create enforceable obligations"). Plaintiffs allege a violation of 28 U.S.C. § 1691, Seal and teste of process, but this Court lacks jurisdiction over this claim, as this provision is not money-mandating.

In addition to their request for monetary damages, Plaintiffs seek equitable relief, asking that this Court return the children and locate those that "have aged out and have been emancipated." Compl. 108. However, this Court's authority to grant equitable relief is limited to certain tax cases, bid protests, and situations where such relief is an "incident of and collateral to" a monetary judgment. 28 U.S.C. §§ 1491(a)(2)-(b), 1507-08 (2016); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). As these conditions are not met here, this Court lacks the authority to grant Plaintiffs' requested equitable relief. Plaintiffs also seek a writ of habeas corpus, but this Court does not have the authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a) (2016); see Ledford v. United States, 297 F.3d 1378, 1380-81 (Fed. Cir. 2002) (per curiam).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Will*
**MARY ELLEN COSTER WILLIAMS**
**Judge**